UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jian Lu and Haiqiong Tang,<br><br>            Petitioners<br><br>v.<br><br>United States Citizenship and Immigration Services, et al.,<br><br>           Respondents | Case No. 2:25-cv-01581-CDS-BNW<br><br>**Order Granting Respondents' Motion to Dismiss, Denying as Moot Petitioners' Emergency Motions, Motion for Hearing and Motion for Summary Judgment, and Denying Motion to Stay**<br><br>[ECF Nos. 9, 12, 13, 17, 18, 19, 21] |

       Pro se petitioners Jian Lu and Haiqiong Tang (collectively, "petitioners") brought this action seeking mandamus relief[1] against respondents United States Citizenship and Immigration Services (USCIS), Ur Mendoza Jaddou, the director of USCIS, Alejandro Mayorkas, the Secretary of the Department of Homeland Security, and Jessica Leigh, USCIS's director of parole operations (hereinafter, "respondents"). Pet., ECF No. 1.[2] Respondents accepted service of the petition on August 27, 2025. Executed summons, ECF No. 7. An amended petition was filed on August 27, 2025. Am. pet., ECF No. 6.

       Petitioners filed two separate emergency motions on September 4 and 11, 2025, respectively. Mots., ECF Nos. 9, 12. On September 18, 2025, the respondents filed a motion to dismiss. Mot. to dismiss, ECF No. 13. Petitioners oppose the motion. Opp'n, ECF No. 16. This motion is now fully briefed. Reply, ECF No. 26. Petitioners also filed a motion for a hearing, and a motion for summary judgment. Mot. for hr'g, ECF No. 17; Mot. for summ. j., ECF No. 18. Respondents have filed a motion to stay. Mot. to stay, ECF No. 19. Last, the petitioners filed an

---

[1] Although filed as a complaint, I liberally construe petitioner's filings as petitions for mandamus relief. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .").

[2] I note that the complaint violates the local rules because the exhibits are attached to the complaint, not filed separately as required by Local Rule IC 2-2(3)(A) (requiring exhibits and attachments to be filed as separate attachments).

amended motion for relief. Am. mot., ECF No. 21. For the reasons set forth herein, the motion to dismiss is granted and the remaining motions are denied as moot.[3]

## I. Background

Petitioners allege that the respondents have a "non-discretionary duty to adjudicate [their Forms] I-130[4] and I-131[5] in a timely manner," and the respondents' failure to do so has resulted in injuries to them and X.C., who was "abandoned in China without appropriate guardianship." *See* ECF No. 1 at 1–5.[6] They ask this court to issue a writ of mandamus compelling the respondents to adjudicate their Forms I-130 and I-131, as well as monetary damages, attorney's fees and costs, and other related relief. *Id.* at 5.

## II. Discussion

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) there is no other "adequate remedy" to address the claim. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997). Respondents argue that this petition for mandamus relief should be dismissed because this court lacks subject matter jurisdiction, the petitioners failed to administratively exhaust their remedies for bringing this action, and because petitioners fail to state a claim upon which relief

---

[3] Because the respondents' motion to dismiss is granted, the pending motions can be resolved without any further opposition or reply.

[4] Form I-130 is a "Petition for Alien Relative" that allows U.S. citizens or lawful permanent residents (LPRs) to establish a qualifying family relationship with a foreign relative who wishes to immigrate to the United States. *See* Petition for Alien Relative, https://www.uscis.gov/i-130 (last visited September 26, 2025). The agency must approve the petition if the applicant's familial relationship is verified. *See* 8 U.S.C. §§ 1154(b), 1201, 1202; 8 C.F.R. §§ 204.1(a), 204.2(d)(2)-(3). If approved, the agency forwards a copy of the petition to the National Visa Center for "preprocessing." *See* Bureau of Consular Affairs, Dep't of State, Immigrant Visa Process, https://travel.state.gov/content/travel/en/us-visas/immigrate/the-immigrant-visa-process/step-1-submit-a-petition.html (last visited Sep. 26, 2025).

[5] Form I-131 is an application for travel documents, primarily used by U.S. citizens and LPRs, to apply for re-entry permits, advance parole, or other travel documentation to ensure they can leave the U.S. and return without jeopardizing their immigration status. *See* Application for Travel Documents, https://www.uscis.gov/i-131 (last visited on September 26, 2025).

[6] Citation to the first amended complaint (FAC) is to provide background information and does not serve as a finding of fact.

can be granted. Petitioners filed an opposition, but it lacks points and authorities. *See* ECF No. 16. Although that alone is grounds to grant the respondents' motion,[7] given petitioners pro se status, I nonetheless resolve the motion to dismiss on the merits.

### A. Respondents' motion to dismiss is granted for failing to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss based on the court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Here, the petitioners have the burden of establishing that the court has subject matter jurisdiction. *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). A facial attack to the court's jurisdiction under Rule 12(b)(1) tracks "a motion to dismiss under Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). So, in "determin[ing] whether the [plaintiff's] allegations are sufficient as a legal matter to invoke the court's jurisdiction," the court "[a]ccept[s] the [petitioners] allegations as true and draw[s] all reasonable inferences in the [petitioners] favor." *Id.* The respondents argue that this court lacks subject matter jurisdiction because the Administrative Procedures Act (APA) alone does not create nor confer a basis for federal jurisdiction, and because the respondents' actions are not unreasonably delayed and are fully discretionary. ECF No. 13 at 5.

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) where a pleader fails to state a

---

[7] *See* Local Rule 7-2(d). Petitioners are advised that their pro se status does not mean they can disregard the rules of the court. In fact, all litigants, including those appearing pro se, must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nevada.[7] *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules"). The petitioners are advised that they must comply with the rules and orders of this court, to include the Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. A copy of the Local Rules is available online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. Failure to comply with court orders or rules in the future may result in the issuance of sanctions, to include dismissal of this action.

claim upon which relief can be granted. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.

Fed. R. Civ. P. 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Thus, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* With limited exception, when ruling on a 12(b)(6) motion, a court cannot consider evidence outside the pleadings without converting the motion to dismiss into one for summary judgment and giving the opposing party an opportunity to respond. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).[8]

As a threshold matter, I disagree with the respondents' assertion that I lack subject matter jurisdiction. Petitioners allege that they are entitled to relief under the APA, which is a federal statute. *See* 5 U.S.C. §§ 551–559. As such, the court has subject matter jurisdiction over the APA claim through 28 U.S.C. § 1331. *See Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (finding district court had federal question subject matter jurisdiction over plaintiff's APA claim alleging government agency failed to perform its duty within a reasonable time); *see also Plaskett v. Wormuth*, 18 F.4th 1072, 1082 n.5 (9th Cir. 2021).

---

[8] The exceptions include: (1) documents attached to the complaint; (2) documents incorporated by reference in the complaint; and (3) matter that is judicially noticeable under Federal Rule of Evidence 201. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). To the extent that exhibits are attached to argument related to the parties 12(b)(6) motions, I exercise my discretion and decline to consider them as the court is not obliged to convert a 12(b)(6) motion to one for summary judgment in every case where a party seeks to rely on matters outside the complaint. *See United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 451 (E.D.N.Y. 2007).

However, I agree that the petitioners have failed to state a claim upon which relief can be granted.[9] The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA "does not provide an independent jurisdictional basis; it only prescribes the standards for reviewing agency action once jurisdiction is otherwise established." *Staacke v. United States Sec'y of Labor*, 841 F.2d 278, 282 (9th Cir. 1988) (citing *Califano v. Sanders*, 430 U.S. 99, 106–07 (1977)) (holding that the APA "was not intended as an independent jurisdictional foundation")). While Section 706 of the APA does "grant[] federal courts the power to 'compel agency action unlawfully withheld or unreasonably delayed,'" that power is limited to "situations where an agency has ignored a specific legislative command." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010) (citations omitted); 5 U.S.C. § 706. Stated otherwise, a claim seeking relief under the Mandamus Act is essentially the same "as one for relief under § 706 of the APA." *Indep. Mining. Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). Thus, to compel agency action, the petitioners must demonstrate there was a failure to comply with a legal obligation "so clearly set forth that it could traditionally have been enforced through a writ of mandamus." *Hells Canyon*, 593 F.3d at 932.

To determine if any agency has unreasonably delayed a duty under the APA, the court uses the "TRAC factors—[a] six-factor balancing test announced in *Telecommunications Research & Action Center v. FCC*." 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("TRAC") (citing *Indep. Mining*, 105 F.3d at 507). TRAC instructs the court to consider the following factors: "(1) the time agencies take to make decisions must be governed by a 'rule of reason;' (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human

---

[9] Because I find dismissal is warranted because the petitioners fail to state a claim under the APA, I do not address the other arguments raised by the respondents.

health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.'" *Vaz*, 33 F.4th at 1137 (quoting *TRAC*, 750 F.2d at 80).

Congress has not provided a timetable or other indication of how quickly these sorts of forms should be processed, thus the respondents have not failed to meet a specific legal obligation regarding processing the forms. However, as noted by the respondents, 8 U.S.C. § 1572(b) provides that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application," but the Ninth Circuit has held that such "sense of Congress" language is "non-binding legislative dicta." ECF No. 13 at 6 (citing *Yang v. Cal. Dep't of Soc. Servs.*, 183 F.3d 953, 961–62 (9th Cir. 1999). Petitioners fail to demonstrate they have been wronged because of USCIS's alleged delay in processing their forms and nor have they demonstrated the delay in processing the forms is unreasonable.

The FAC does not set allege nor demonstrate that the respondents have "ignored a specific legislative command," so the petitioners claims are not justiciable. *Hells Canyon*, 593 F.3d at 932. Rather, the allegations summarily contend that the respondents should be compelled to process their Forms I-130 and I-131 faster, but this is insufficient to grant the relief the petitioners seek. *See Zixiang Li v. Kerry*, 710 F.3d 995, 1004 (9th Cir. 2013) (stating that the judiciary "ha[s] no authority to compel agency action merely because the agency is not doing something [it] may think it should do"). But the record does not demonstrate that the respondents have acted unreasonably. Petitioners brought this writ *before* the ideal 180-day period for processing the Form I-130 ran. *See* ECF No. 1 at 9 (petitioners' letter to Representative

Susie Lee stating the forms were filed May 9, 2025).[10] And the FAC's exhibits reveal that USCIS indeed promptly processed, and denied, petitioners' Form I-131 based upon urgent humanitarian reasons or significant public benefit on May 30, 2025. *See* ECF No. 6 at 33.

There is also no evidence demonstrating that the agency has not applied the rule of reason in processing the petitioners' forms. It has been less than one year since the forms were submitted, which is far below the timeline for an unreasonableness finding, and the petitioners' request for expedited review of the Form I-131 happened within six weeks. *See Borzouei v. Bittter*, 2022 WL 17682659, at *5 (S.D. Cal. Dec. 14, 2022) (finding a four year delay in processing of an I-130 application reasonable given the context of the COVID-19 emergency); *Yavari v. Pompeo*, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) (noting immigration delays in excess of five, six, or seven years are generally found unreasonable, those between three and five years are often found reasonable, and that delay of "slightly more than a year is drastically short of what constitutes an unreasonable delay"); *Assadian v. Oudkirk*, 694 F. Supp. 3d 1310 (S.D. Cal. 2023) (finding an 11-week delay in issuing final decision on visa applications not unreasonable so relief under the APA was not warranted); *Compare Islam v. Heinauer*, 32 F. Supp. 3d 1063 (N.D. Cal. 2014) (nearly six year delay in processing immigration application was unreasonable); *Yilmaz v. Jaddou*, 697 F. Supp. 3d 951 (C.D. Cal. 2023) (three and half year delay in processing an asylum application was unreasonable). The short amount of time the petitioners' Form I-130 has been pending suggests there is no "any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed," *TRAC*, 750 F.2d at 80, so the sixth factor also weighs against petitioners.

---

[10] An exhibit to the FAC reveals the petitioners' request to expedite the Form I-130 was submitted at the end of June 2025. *See* ECF No. 6 at 14.

The third and fifth TRAC factors are generally considered together. *See Najafi v. Pompeo*, 2019 WL 6612222, at *7 (N.D. Cal. Dec. 5, 2019). Given X.C.'s documented health issues and the stress those issues are to the petitioners, together with the fact that X.C. is apparently alone in China without parents or adult guardian, these factors weigh in favor of the petitioners.

Last, the fourth factor, weighs in favor of the respondents. "Most courts have found that the fourth *TRAC* factor weighs heavily in the agency's favor when a judicial order putting plaintiffs at the head of the line would simply move all others back one space and produce no net gain." *Jain v. Renaud*, 2021 WL 2458356, at *6 (N.D. Cal. June 16, 2021). That is precisely what petitioners seek here: they ask this court to compel the respondents to move them to the front of the line. But "[i]t is not for the Court to determine priority and it would be inappropriate to direct that Plaintiff[s] 'jump the queue.'" *Borzouei*, 2022 WL 17682659, at *7. There are an unknown number of other individuals waiting for their immigration applications to be process, and given the respondents' representations, some have undoubtedly been waiting longer than the petitioners. Further, the Ninth Circuit has cautioned against "interfer[ing] with [an agency's] discretion in prioritizing its activities and allocating its resources." *Vaz*, 33 F.4th at 1138.

Four of the six factors weigh against the petitioners. Consequently, the petitioners have not adequately pled a violation of the APA so the respondents' motion to dismiss pursuant to Rule 12(b)(6) is granted without prejudice.

Because Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and because of the Ninth Circuit's "policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), I grant leave to amend. Although it appears the petitioners will not be able to cure the deficiencies identified in this order, their inability to do so is not wholly clear. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).[11]

### B. Petitioners' emergency motions are denied as moot and because they fail to comply with the Local Rules of this District.

Because the complaint is now dismissed, petitioners' emergency motions are denied as moot. However, the court notes that "[t]he filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193–94 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of [the] court." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140–41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, LR 7-4(b) ("Emergency motions should be rare"). In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. *See* LR 7-4(c); *see also* LR 26-6(d).

Petitioners' emergency motions fail to comply with Local Rule 7-4(a). That rule requires emergency motions to "be accompanied by a declaration setting forth . . . . [t]he nature of the emergency" and "certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action." LR 7-4(a)(1),

---

[11] *See* conclusion for further instructions.

(3). Both motions lack the required declaration. Consequently, in addition to being moot, the emergency motions are denied as well for failing to comply with the Local Rules.

### C. Petitioners' motion for summary judgment is denied as moot and premature.

Again, because the complaint is now dismissed, the petitioners' motion for summary is denied as moot. The court notes that Federal Rule of Civil Procedure 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position. Fed. R. Civ. P. 56(d); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986). This action commenced less than a month ago so even if the motion had not been denied as moot, it would have been denied as premature. There has been insufficient time to discover information essential for either party to fully develop summary judgment arguments or oppositions thereto. So petitioners motion for summary judgment is denied as moot and for being premature.

### D. Petitioners' motion for hearing is denied.

Petitioners have filed a motion for hearing. ECF No. 17. Federal Rule of Civil Procedure 78 states there is no right to a hearing on any motion. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *Willis v. Pac. Maritime Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir. 2001) (explaining that the "judge has the discretion, when considering a motion for summary judgment, to determine whether or not to hold an oral hearing"). Here, the court determined it could resolve the motions without a hearing so their request for one is denied.

### E. Respondents' motion to stay and petitioners' amended motion are denied as moot.

As the complaint is now dismissed, the respondents' motion to stay is denied as moot. For the same reason, the petitioners' amended motion is denied as moot.

### III. Conclusion

IT IS HEREBY ORDERED that respondents' motion to dismiss [ECF No. 13] is granted without prejudice.

IT IS FURTHER ORDERED that petitioners' emergency motions [ECF Nos. 9, 12] are DENIED as moot and for failing to comply with the local rules.

IT IS FURTHER ORDERED that petitioners' motion for a hearing [ECF No. 17] and amended motion [ECF No. 21] are DENIED as moot.

IT IS FURTHER ORDERED that petitioners' motion for summary judgment [ECF No. 18] is DENIED as moot and premature.

IT IS FURTHER ORDERED that respondents' motion to stay [ECF No. 19] is DENIED as moot.

IT IS FURTHER ORDERED that the petitioners are granted leave to file an amended petition, however, they must file a motion for leave to file an amended petition that complies with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15-1(a). This means if petitioners file motion for leave to file a second amended petition, the motion must include an attached a copy of the proposed second petition. Further, if the petitioners file a motion for leave to file an amended petition, it must be filed by **October 15, 2025**. The proposed amended petition **must be complete in and of itself**, must not refer in any manner to *any* prior petition, and be titled "Second Amended Petition." Petitioners cannot bring any new claims or add any defendants.

Dated: September 30, 2025

_____
Cristina D. Silva
United States District Judge