UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jian Lu and Haiqiong Tang,

        Petitioners

v.

United States Citizenship and Immigration Services, et al.,

        Respondents

Case No. 2:25-cv-01581-CDS-BNW

**Order Denying Petitioners' Emergency Motion**

[ECF No. 33]

Pro se petitioners Jian Lu and Haiqiong Tang brought this action seeking mandamus relief against respondents United States Citizenship and Immigration Services (USCIS) and Kristi Noem, , Secretary of the Department of Homeland Security.[1] Second am. pet., ECF No. 25. Petitioners filed an emergency motion on October 27, 2025.[2] Emer. mot., ECF No. 33. The court has determined that it does not need a response from the respondents to resolve the motion. For the reason explained herein, the petitioners' emergency motion is denied.

I. Discussion

In my September 30, 2025 omnibus order resolving several motions, including two prior emergency motions filed by the petitioners, I explained that the "filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *See* ECF No. 24 at 9 (quoting *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015)). I further advised that a "request to bypass the default procedures through

---

[1] Although filed as a complaint, I liberally construe petitioners' filings as petitions for mandamus relief. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .").

[2] The respondents filed a motion to dismiss the second amended petition. Despite General Order 2025-06, I issue this brief order because the instant motion was filed as an "emergency." The court notes that this case is stayed per GO 2025-06, so the motion to dismiss will be resolved in the normal course once the lapse in appropriations is resolved and the stay is lifted. *See* https://www.nvd.uscourts.gov/wp-content/uploads/2025/09/General-Order-re-Govt-Shutdown-Phase-1-signed.pdf.

the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship." *Id.* (quoting *Cardoza*, 141 F. Supp. 3d at 1140–41). Thus, as explained in that order, the court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, LR 7-4(b) ("Emergency motions should be rare."). Further, Local Rule 7-4(a) requires a party seeking emergency relief to satisfy several substantive requirements. When a party files a motion on an emergency basis, the court has sole discretion to determine whether any such matter is, in fact, an emergency. *See* LR 7-4(c); *see also* LR 26-6(d).

Petitioners' emergency motions fail to comply with Local Rule 7-4(a). That rule requires emergency motions to "be accompanied by a declaration setting forth" the "nature of the emergency" and "certifying that, after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action." LR 7-4(a)(1), (3). Because the most recent emergency motion again lacks the required declaration, it is denied.[3]

## II.    Conclusion

IT IS HEREBY ORDERED that the petitioners' emergency motion **[ECF No. 33] is DENIED.**

Dated: October 29, 2025

_____
Cristina D. Silva
United States District Judge

---

[3] To the extent the petitioners are seeking reconsideration of my September 30, 2025 order (ECF No. 24), that request is denied. "[A] motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Using a reconsideration motion to reargue the points that the judge rejected in the original order is improper. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). Further, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).