**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Jian Lu and Haiqiong Tang, | Case No. 2:25-cv-01581-CDS-BNW |
| Petitioners | **Order Granting Respondents' Motion to Dismiss the Second Amended Petition, and Denying as Moot All Other Outstanding Motions** |
| v. | |
| United States Citizenship and Immigration Services, et al., | [ECF Nos. 29, 37, 43, 47, 50] |
| Respondents | |

Respondents United States Citizenship and Immigration Services (USCIS), and the Secretary of the Department of Homeland Security Kristi Noem, move to dismiss petitioners Jian Lu's and Haiqiong Tang's second amended petition (SAP). Mot., ECF No. 29. In their motion, the respondents argue that (1) this court lacks subject matter jurisdiction over the SAP, (2) the SAP fails to set forth a legally cognizable claim, (3) the SAP fails to address the *Winter* factors in support of the request for injunctive relief, and (4) the SAP brings a new claim in violation of my prior order limiting amendment. *See id.* The petitioners oppose the motion. Opp'n, ECF No. 32. The motion is now fully briefed. Reply, ECF No. 35. For the reasons set forth herein, I grant the motion to dismiss the SAP without leave to amend. As a result, I deny as moot all outstanding motions.

I.      **Background**

On September 30, 2025, I dismissed the petitioners' original petition without prejudice and with limited leave to amend after finding that they failed to state a claim upon which relief can be granted. *See* Order, ECF No. 24 at 3–9.[1] I gave the petitioners until October 15, 2025, to

---

[1] The court notes that on December 17, 2025, the Ninth Circuit denied their petition for mandamus relief, finding that "Petitioners have not demonstrated a clear and undisputable right to the extraordinary remedy of mandamus." *See* Order denying pet., *Jian Lu v. U.S. Dist. Ct. for the Dist. of Nev.*, No. 25-7508 (9th Cir. Dec. 17, 2025), Dkt. No. 7.1.

1 file an amended petition. *Id.* at 11. While the SAP was timely filed on October 1, 2025, the

2 petitioners failed to follow my directives regarding amendment. In my prior order, I granted the

3 following:

> [P]etitioners are granted leave to file an amended petition, however, they must file a motion for leave to file an amended petition that complies with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15-1(a). This means if petitioners file motion for leave to file a second amended petition, the motion must include an attached a copy of the proposed second petition. Further, if the petitioners file a motion for leave to file an amended petition, it must be filed by October 15, 2025. The proposed amended petition must be complete in and of itself, must not refer in any manner to any prior petition, and be titled "Second Amended Petition." **Petitioners cannot bring any new claims or add any defendants.**

10 *Id.* at 11 (emphasis added).

11    The petitioners filed the SAP as a stand-alone petition, not with a motion for leave as

12 directed. *See* ECF No. 25. The petitioners further violated my order by adding a new claim

13 related to a recently filed Form I-131. *See* ECF No. 25 at 7–8 (discussing September 30, 2025

14 expedited Form I-131 request). As a general matter, when a court grants limited leave to

15 amend—as I did here—courts in this Circuit may strike new claims contained in an amended

16 complaint where the plaintiff did not seek leave to amend. *See Vahora v. Valley Diagnostics Lab'y Inc.*,

17 2017 WL 2572440, at *2 (E.D. Cal. June 14, 2017). However, because the new claim fails for the

18 same reasons as the other claims, I nonetheless address it here.

19    In the SAP, the petitioners again seek mandamus, declaratory, and injunctive relief to

20 (1) expedite review of their Forms I-130 and I-131 applications, (2) compel expedited

21 determinations of those applications in petitioners' favor, and (3) order USCIS to explain why

22 prior applications were denied. *See* ECF No. 25.

23 **II.    Discussion**

24    **A.  The court's subject matter jurisdiction.**

25    Federal courts have subject matter jurisdiction over "civil actions arising under the

26 Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As such, courts have

2

1 jurisdiction to review agency actions pursuant to the Administrative Procedure Act (APA). *Vega*

2 *v. U.S. Citizenship & Immigr. Servs., Dep't of Homeland Sec.*, 65 F.4th 469 (9th Cir. 2023). However, 8

3 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of decisions made by the Attorney General or the

4 Secretary of Homeland Security as part of their "pure" or "unfettered" discretion. *Id.*; 8 U.S.C. §

5 1252(a)(2)(B)(ii). But this bar does not preclude "judicial review of discretionary determinations

6 involving statutory provisions that restrict or qualify the agency's exercise of its discretion."

7 *Vega*, 65 F.4th at 471.

8         Here, § 1252(a)(2)(B)(ii) precludes the court from ordering the respondents to process

9 the applications. It also precludes the court from reviewing the applications that have already

10 been denied. *See id.* But it does not preclude the court from deciding whether the respondents

11 violated the APA. Thus, like my previous order, the scope of this order is limited to that issue.

12 And as detailed below, I find that the petitioners failed to state a claim for relief under the APA.

13         **B. The respondents' motion to dismiss is granted.**

14         I grant the respondents' motion to dismiss the SAP because the petitioners again fail to

15 show that the extraordinary remedies of mandamus relief, injunctive relief, and declaratory relief

16 are warranted. Like the first petition, the SAP seeks an order expediting review of the

17 petitioners' Forms I-130 and I-131 in order to bring X.C., their purported adopted minor child,

18 from China to the United States. *See* ECF No. 25. But the SAP contains the same fatal errors as

19 the original petition. Indeed, nothing in the SAP—even the additional few months since

20 petitioners first filed their applications with USCIS—changes my reasoning in dismissing the

21 original petition for failing to state a claim under the APA or my analysis of the TRAC factors, so

22 I incorporate it (ECF No. 24) here and dismiss the SAP.

23         To be clear, the petitioners also fail to show that mandamus relief is warranted here.[2]

24 Courts can issue a writ of mandamus only when "(1) the plaintiff's claim is 'clear and certain'; (2)

25 _____

26 [2] I considered petitioners' request for mandamus relief together with their APA claim "[b]ecause 'mandamus relief and relief under the APA are "in essence" the same, when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [a court] may elect to

the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from

doubt'; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.

1994) (quotations omitted). Here, the petitioners have an alternative, adequate remedy: wait

until their applications are processed. So their request for mandamus relief fails at the third

element.[3] The petitioners' original Forms I-130 and I-131 had been pending since May 2025—

meaning that, at most, the applications had been pending for just over 180 days. Although the

court is empathetic to the petitioners' request, they have the potential remedy of getting their

applications processed, even if not within a timeframe they expect. Thus, there is simply

insufficient evidence to grant the extraordinary remedy of mandamus relief.

Further, the petitioners' request for injunctive relief is denied. "A preliminary injunction

is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a

clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th

613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations

omitted)). To obtain an injunction, the petitioners "must establish that [they are] likely to

succeed on the merits, that [they are] likely to suffer irreparable injury in the absence of

preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in

the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit

uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632

F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a

balance of hardships that tips sharply towards the [the petitioners] can support issuance of a

preliminary injunction, so long as the [petitioners] also shows that there is a likelihood of

irreparable injury, and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636

(quoting *All. for the Wild Rockies*, 632 F.3d at 1135) (quotation omitted). And mandatory

---

analyze the APA claim only.'" *Khosravi v. Rubio*, 2025 WL 821885, at *3 (W.D. Wash. Mar. 14, 2025) (quoting *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022)).

[3] This does not preclude the petitioners from bringing a claim at a later date if processing of their applications is *unreasonably* delayed. *See* ECF No. 24 at 7 (collecting cases discussing when processing delays may be deemed unreasonable).

injunctions ordering affirmative action by a respondent—as petitioners do here—go "well beyond simply maintaining the status quo [and are] particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009).

The respondents argue that the petitioners fail to meet their burden showing injunctive relief is warranted here. ECF No. 29 at 16–18. "The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged in except in a case clearly warranting it." *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). When a court determines that a plaintiff fails to state a claim, then the plaintiff cannot establish likelihood of succeed or that there are serious questions going to the merits of his claims. *See Williams v. Duffy*, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019) ((citing *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012)). Here, the petitioners[4] (the plaintiffs) failed to state claim so their request for injunctive relief fails and is denied.

The petitioners request for declaratory relief likewise fails. Declaratory judgment, "like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Vill., Cal.*, 333 U.S. 426, 431 (1948). Further, "[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). As I have determined that the petitioners failed to state a claim, there is no issue left to resolve between the parties. So the petitioners' request for declaratory relief is denied as moot.

**C.  Leave to amend is denied.**

"Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *Ramirez v.*

---

[4] The court notes that while petitioners cite to the *Winter* factors in their opposition, their arguments that the factors weigh in their favor are only conclusory and unsupported by any points and authorities. *See* ECF No. 32 at 11–12.

1   *Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). However, a district court does not "abuse its discretion

2   in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295

3   F.3d 966, 976 (9th Cir. 2002). I recognize the petitioners' pro se status. But the crux of the

4   petitioners' claim is that their applications have not been processed on an expedited basis.

5   Because case law makes clear the short amount of time their applications have been pending

6   simply do not support an argument that their processing has been unreasonably delayed,

7   amendment would be futile.

8   **D.  All other pending motions are denied.**

9   Because this action is now dismissed, all other outstanding motions are denied as moot.

10  ECF Nos. 37, 43, 47, 50.

11  **III.    Conclusion**

12  IT IS HEREBY ORDERED that the respondents' motion to dismiss the second amended

13  petition **[ECF No. 29] is granted.**

14  IT IS FURTHER ORDERED that the respondents second motion to stay and motion to

15  extend time **[ECF Nos. 37, 50] are DENIED as moot.**

16  IT IS FURTHER ORDERED that the petitioners' motion to compel and motion for

17  limited judicial clarification **[ECF Nos. 43, 47] are DENIED as moot.**

18  The Clerk of Court is kindly directed to enter judgment in favor of the respondents and

19  to close this case.

20  Dated: December 19, 2025

21  _____
    Cristina D. Silva
    United States District Judge
22

23

24

25

26

6