UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jian Lu, et al., | Case No. 2:25-cv-01581-CDS-BNW |
| Petitioners | **Order Denying Petitioners' Motion for Reconsideration and Striking Duplicative Filings** |
| v. | |
| United States Citizenship and Immigration Services, et al., | [ECF Nos. 54, 55, 56] |
| Respondents | |

This is a closed petition for writ of mandamus action brought by petitioners Jian Lu and Haiqiong Tang against respondents United States Citizenship and Immigration Services (USCIS) and the Secretary of the Department of Homeland Security Kristi Noem. On December 19, 2025, I granted the respondent's motion to dismiss the second amended petition. Order, ECF No. 52. Judgment was issued in favor of the respondents on December 22, 2025. J., ECF No. 53. The petitioners filed a motion to alter or amend judgment, which I construe as a motion for reconsideration.[1] Mots., ECF Nos. 54–56. Having reviewed the motion, I have determined that no opposition is needed from the respondents. For the reasons set forth herein, the petitioners' motion is denied.

I.     Legal authority

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation modified). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration.

---

[1] The motion was docketed three times. Because all three filings are duplicates of each other, I only address ECF No. 54 herein, and strike ECF Nos. 55 and 56.

Under Rule 59(e), reconsideration may be appropriate if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (citation omitted). Clear error is "plain and indisputable, and [it] amounts to a complete disregard of the controlling law or the credible evidence in the record." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012) (cleaned up). "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." *Roe v. LexisNexis Risk Sols., Inc.*, 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013); *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

In this district, motions for reconsiderations are governed by Local Rule 59-1. As set forth in that rule, a party seeking reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity." LR 59-1(a). "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* "Motions for reconsideration are disfavored." LR 59-1(b).

II. Discussion

The Ninth Circuit directs courts "to make reasonable allowances for pro se litigants and to read pro se papers liberally." *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987). Liberally construing the petitioners' motion, they argue this court should reconsider its order granting the respondents' motion to dismiss the second amended petition (ECF No. 52) because granting it was clear error. *See* ECF No. 54.

2

As a threshold matter, this court must address the petitioners' obvious use of artificial intelligence (AI) to draft this motion. Under the section titled "INTRODUCTION," the motion contains the question posed to AI and the answer received. Page 2 of their motion reads:

> *What should a court do when the agency has expressly acknowledged an adjudication error, the administrative record ordered for review was never produced, and the consequences of delay fall on a minor?*
>
> A district court cannot lawfully dismiss an APA action under such circumstances. A merits dismissal necessarily presupposes the absence of unresolved agency error, completion of the record-based review mandated by 5 U.S.C. § 706, and compliance with all binding court orders.

ECF No. 54 at 2. The following page, under the section titled "LEGAL STANDARD GOVERNING RULE 59(e)," does not provide the legal standard for reconsideration,[2] but rather contains yet another question and answer. *Id.* at 3–4. The same is true for the following section titled "CLEAR PROCEDURAL ERROR WARRANTING RELIEF." *Id.* at 4.

"AI is a powerful tool, that when used prudently, provides immense benefits." *Ferris v. Amazon.com Servs., LLC*, 778 F. Supp. 3d 879, 881 (N.D. Miss. 2025). Those benefits can include assisting pro se litigants. But the use of AI is fraught with peril and therefore requires a careful understanding of its limitations. *See Mescall v. Renaissance at Antiquity*, 2023 WL 7490841, at *1 n.1 (W.D.N.C. Nov. 13, 2023) (warning that "the use of artificial intelligence . . . may result in sanctions or penalties when used inappropriately"); *Moales v. Land Rover Cherry Hill*, 2025 WL 1249616, at *3 (D. Conn. Apr. 30, 2025) (cautioning pro se litigant about the "beneficial use of artificial intelligence requires carefully understanding its limitations").

The petitioners have treaded into perilous territory in filing this motion because their blatant use of AI fails to comply with Rule 11. That rule requires that when filing "a pleading, written motion, or other paper[,] . . . an attorney or unrepresented party certifies that to the best

---

[2] "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*

of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law." Fed. R. Civ. P. 11(b)(2). Here, based on the clear "cut and paste" arguments in the motion, the petitioners are unable certify the information contained therein. Instead, the petitioners merely regurgitate the questions and answers from whatever AI tool they utilized. And other than citing from sections of the Administrative Procedures Act (5 U.S.C. §§ 702, 706), the petitioners' motion lacks *any* points and authorities supporting their arguments. Stated otherwise, the petitioners relied solely on the AI generated responses when filing their motion. This falls far short of complying with Rule 11, a rule that "is not aspirational; it is the minimal standard of honesty that keeps the adversarial process tethered to reality." *Mattox v. Prod. Innovations Rsch., LLC*, 2025 WL 3012828, at *4 (E.D. Okla. Oct. 22, 2025). Accordingly, I hereby again caution and remind[3] the petitioners that that they must comply with applicable law and procedural rules. *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (pro se litigants must adhere to the same procedural requirements as other litigants).

       Turning to the substance of the motion, I find that the petitioners fail to meet the standard showing that reconsideration is warranted here. As already noted, the petitioners failed to include points and authorities in support of their motion. Local Rule 7-2(d) provides that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). Applying that rule, the petitioners' motion is denied. The motion is also denied because it fails to address how I erred in finding they were not entitled to the mandamus, injunctive, or declaratory relief they sought. Instead, they argue I am required to "adjudicate" their APA claim. *See* ECF No. 54 at 2. The motion for reconsideration fails to address my order where I did address their APA claim together with their request for mandamus relief, *see id.* at 3–4 at n. 2, nor did they demonstrate that my analysis

---

[3] Petitioners have been previously advised of their need to follow all court rules. *See Lu v. United States Citizenship & Immigr. Servs.*, 2025 U.S. Dist. LEXIS 192515, at *3 n.7 (D. Nev. Sept. 30, 2025).

determining that they are not entitled to relief they sought was the result of clear error, that there was any newly discovered evidence, or that there was any intervening change in controlled law. Accordingly, the petitioners' motion is denied.

III.     Conclusion

IT IS HEREBY ORDERED that the petitioners' motion for reconsideration **[ECF No. 54]** is DENIED.

IT IS FURTHER ORDERED that the duplicative filings **[ECF Nos. 55, 56]** are STRICKEN.

Dated: January 20, 2026

_____
Cristina D. Silva
United States District Judge